## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| RONALD J.G. SUTTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:25-cv-00855-AGF |
| ) | |
| DR. UNKNOWN LUECHTEFELD, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

Self-represented Plaintiff Ronald Sutton brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. *See* 28 U.S.C. § 1915 (a)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). As such, Plaintiff's pending motion for appointment of counsel will be denied as moot.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520

(1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**The Complaint**

Plaintiff[1] is a civil detainee at the St. Louis Forensic Treatment Center (SLFTC).[2]  He names the SLFTC as a defendant in this matter, along with Dr. Debra Luechtefeld[3] and nurse Orebiyi Floasade.[4]  Plaintiff's self-represented civil Complaint is brought under 42 U.S.C. § 1983.  ECF No. 1.  It is incredibly difficult to read and understand.  Plaintiff refers to himself with multiple different names, including "Boss Man," and his handwriting is hard to decipher.  *Id.* at 1-2, 4.  In addition, many of the allegations of the Complaint are not written in complete sentences, contain repetitive phrases, and proffer incoherent arguments.  *Id.* at 4-11.

As best the Court can determine, Plaintiff is complaining about being forced to take medications that he "didn't need," while detained at the SLFTC.  He asserts that excessive force was used to make him take the medications, and that the medications caused him severe harm and injury.  *Id.* at 4-5, 11.  According to Plaintiff, this occurred between "1895 through 06-06-2025."[5]  *Id.* at 4, 5, 6, 7, 9, 11.

---

[1] Plaintiff uses the names "Ronald JG Sutton," "Michael Kevin Hammon," "Michael Hoover," "Michael Jordan," and "Michael B. Lecasico" in his pleadings.  ECF Nos. 1 at 1-2, 8, 16; 1-5 at 1.  He also appears to be the "Ronald Lamont Sutton" that has filed at least 11 prior cases in this Court and is considered a three-striker under 28 U.S.C. § 1915(g).  *See* ECF No. 1 at 15 (listing one of his prior cases as being filed by Plaintiff "Ronald Lamont Sutton"); *see also Sutton v. Dunklin Cnty.*, No. 1:19-cv-205-DDN (E.D. Mo. Nov. 18, 2019) (dismissed on November 21, 2019, pursuant to 28 U.S.C. § 1915(g)).  However, because Plaintiff is now civilly committed, he is no longer a "prisoner" as defined under 28 U.S.C. § 1915(h).  As such, the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA") does not apply to him.  *Merryfield v. Jordan*, 584 F.3d 923 (10th Cir. 2009); *Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002); *Page v. Torrey*, 201 F.3d 1136 (9th Cir. 2000); *see also Kolocotronis v. Morgan*, 247 F.3d 726 (8th Cir. 2001) (finding mental patient not a "prisoner" under PLRA).

[2] Based on an independent review of court records on Missouri Case.net, the State of Missouri's online docketing system, Plaintiff was committed to the Missouri Department of Mental Health on January 3, 2025 "for competency restoration," after a court-ordered mental exam in a pending criminal case.  *See State v. Sutton*, No. 22DU-CR01465-01 (35th Jud. Cir., 2022); ECF No. 1-1 at 1.

[3] Plaintiff filed a supplement on June 23, 2025, clarifying that Dr. Luechtefeld's first name is "Debra."  *See* ECF No. 4.  The Clerk of Court will be directed to update the docket sheet.

[4] This appears to be the correct spelling of the nurse defendant's name based on an exhibit attached to the Complaint.  *See* ECF No. 1-1 at 8.  The Clerk of Court will be directed to update the docket sheet.

[5] Plaintiff filed grievance documents dated "6-10-2025" that appear to relate to this claim, *see* ECF No. 5, but because the Complaint in this matter was dated June 6, 2025, these later-filed documents will not be considered.

Plaintiff further claims that defendants Dr. Luechtefeld and nurse Floasade failed to intervene to protect him from this injury. *Id.* at 7-9. And that nurse Floasade denied him proper medical treatment from "02/21/21 through 06-06-2025," when she failed to "look at [the] computer systems" to know that Plaintiff "didn't have to take" a certain medication. *Id.* at 9-10. For relief, Plaintiff seeks actual and punitive damages. *Id.* at 12.

Plaintiff attached to his Complaint a 'Clinical Due Process Hearing Summary' from the State of Missouri Department of Mental Health, which explains the decision to involuntarily administer psychotropic medication to him.[6] ECF No. 1-1. According to this Summary, a hearing was held on May 22, 2025, three days after Plaintiff was admitted to the SLFTC for competency restoration. *Id.* at 1. Plaintiff was not present for the hearing. Evidence considered included: medical records from Plaintiff's 2023 and 2025 hospitalizations including prior psychiatric diagnoses, Plaintiff's legal status and history, Plaintiff's current symptoms and observations of his current behavior, conversations with Plaintiff, Plaintiff's pretrial psychiatric assessment, and whether Plaintiff would voluntarily take offered medications. *Id.* at 1-6. Ultimately, the hearing committee decided that involuntary administration of psychotropic medication was necessary because Plaintiff "suffers from a mental illness or mental disorder," "is either gravely disabled or poses a likelihood of serious harm to … himself or others," and because "medication is in [his] medical interest." *Id.* at 7.

---

[6] In assessing whether a complaint sufficiently states a valid claim for relief, courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

In addition to this exhibit attached to the Complaint, Plaintiff filed multiple supplements in this case. *See* ECF Nos. 4-10. Most of these documents are unsigned. *See* ECF Nos. 4, 6-8, 10. And one of them is mostly indecipherable. *See* ECF No. 8 (where most of the handwritten document is unreadable and/or scribbled over). However, the Court has reviewed these documents as best as possible and can find no additional relevant information in them.

**Discussion**

After careful review and liberal construction of the allegations of the Complaint, the Court finds that this case must be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**I.     Involuntary Medication Claim**

As a civilly committed individual, Plaintiff is protected by the Fourteenth Amendment. *See Karsjens v. Lourey*, 988 F.3d 1047, 1052 (8th Cir. 2021). In this case, Plaintiff's allegations center on the contention that he is being wrongly force-medicated. The question as to whether a state may forcibly medicate a prisoner has both substantive and procedural aspects. *See Washington v. Harper*, 494 U.S. 210, 220 (1990). "The substantive issue involves defining the protected constitutional interest, as well as identifying the conditions under which competing interests may outweigh it," while the "procedural issue concerns the minimum process required by the Constitution." *Morgan v. Rabun*, 128 F.3d 694, 696 (8th Cir. 1997). In other words, "the substantive issue is what factual circumstances must exist before the State may administer antipsychotic drugs to the prisoner against his will; the procedural issue is whether the State's nonjudicial mechanisms used to determine the facts in a particular case are sufficient." *Harper*, 494 U.S. at 220.

With regard to the substantive component, the Due Process Clause of the Fourteenth Amendment gives an individual "a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs." *Id.* at 221-22. As such, the state is permitted to treat a seriously mentally ill inmate with antipsychotic drugs against his will if the inmate is a danger to himself or others, and the treatment is in the inmate's medical interests. *Id*. at 227; *see also Morgan*, 128 F.3d at 697 (explaining that with regard to substantive due process, a committed individual's due process rights are not violated if he is a danger to himself or others).

An inmate may also be forcibly medicated "if he (1) suffers from a mental disorder and (2) is gravely disabled," which includes "severe deterioration in routine functioning evidenced by repeated and escalating loss of cognitive or volitional control over his or her actions and is not receiving such care as is essential for his or her health or safety." *Green v. Dormire*, 691 F.3d 917, 923 (8th Cir. 2012) (determining that Missouri policy providing for forced medication of a "gravely disabled" inmate comported with substantive due process).

Allegations that forced medication are not in an individual's best interest may support a claim under 42 U.S.C. § 1983. *See Thomas v. Eschen*, 928 F.3d 709, 713 (8th Cir. 2019) (explaining that if state officials force a civilly committed individual to take drugs having no connection to his mental illness, or intentionally injure him while treating him, the individual may have a viable claim for damages under § 1983). However, more than "threadbare allegations" are required to support a claim. *Id*. at 714 (noting that plaintiff's claim that he had been "medicated" for the "wrong reasons" did not demonstrate "what, when, where, why, or how [the] drugs were administered").

To meet the procedural requirements of Due Process in the involuntary administration of antipsychotic drugs to a prisoner, there must be: (1) notice; (2) the right to be present at an adversarial hearing; (3) the right to present witnesses; and (4) the right to cross-examine witnesses. *See Harper*, 494 U.S. at 235; *see also Doby v. Hickerson*, 120 F.3d 111, 113 (8th Cir. 1997) (explaining that the "minimal constitutional requirements for satisfying procedural due process when a state involuntarily administers antipsychotics to a prisoner" consists of "an independent decisionmaker as well as for notice, the right to be present at an adversary hearing, and the right to present and cross-examine witnesses"). A judicial hearing is not required, and the hearing may be adjudicated by non-treating medical personnel. *Harper*, 494 U.S. at 231.

Though *Harper* dealt with a prison inmate, the same factors have been applied to civilly committed individuals who have been forcibly medicated. *See Morgan*, 128 F.3d at 696 97 (applying *Harper* factors to an individual committed to the Missouri Department of Mental Health). That is, the "governmental interests in running a state mental hospital are similar in material aspects to that of running a prison," as the state has "a vital interest in ensuring the safety of their staff, other patients, and of course in ensuring the patients' own safety." *Id*. at 697.

In this case, Plaintiff has not alleged either a substantive or procedural violation of the Fourteenth Amendment. With regard to the substantive component, Plaintiff presents no facts showing that he does not suffer from a mental illness, and that he is not a danger to himself or others, or gravely disabled. Instead, the Clinical Due Process Hearing Summary that Plaintiff attached as an exhibit to his Complaint indicates the opposite. ECF No. 1-1. According to that report, the committee found that Plaintiff suffers from a mental illness or mental disorder, that taking medication is in his medical interest, that Plaintiff is either gravely disabled or poses a likelihood of serious harm to himself or others. Plaintiff provides no evidence to contradict these findings. As to the procedural component, Plaintiff never alleges that he was denied (1) notice; (2) the right to be present at an adversarial hearing; (3) the right to present witnesses; and (4) the right to cross-examine witnesses. For these reasons, Plaintiff has failed to state a claim against defendants under the Fourteenth Amendment for involuntary medication. *See also Green v. Dormire*, 691 F.3d 917 (8th Cir. 2012) (finding involuntary medication under Missouri policy complies with Fourteenth Amendment due process rights).

## II.     Excessive Force and Failure to Intervene Claims

Because Plaintiff fails to state a constitutional violation of forced medication, his claims of excessive force and failure to intervene (based on the alleged forced medication) also fail.

The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from "the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (citing *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). In order to prevail on an excessive force claim, a plaintiff must show that a defendant purposely or knowingly used objectively unreasonable force. *Id.* "Whether the application of force is unreasonable turns on the facts and circumstances of each particular case." *Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017) (internal quotations and citations omitted).

In this case, Plaintiff does not provide any details as to what force was used on him to ensure that he took his medications, he only alleges that the force was excessive and that he told defendants that he did not need the medications. The Court "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). To state a plausible cause of action, "[a] pleading that merely pleads … naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010). Furthermore, to the extent that Plaintiff is alleging that the application of force was unreasonable simply because he should not have been force medicated, that claim fails because Plaintiff has not stated a valid Fourteenth Amendment claim for forced medication.

Similarly, Plaintiff's alleged failure-to-intervene claim fails because there was no necessity for any defendant to intervene to protect Plaintiff. The Fourteenth Amendment's substantive due process clause does require the State to protect a person when the State has put limitations on the person's personal liberty. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.,* 489 U.S. 189, 199-200 (1989). However, in this case, because Plaintiff's claim of forced medication fails, there was no constitutional violation alleged which the defendants failed to protect Plaintiff from. For

these reasons, Plaintiff's claims of excessive force and failure to intervene must be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

### III. Deliberately Indifferent Medical Care Claim

Finally, Plaintiff also alleges that his medical needs were denied by nurse Floasade. As best the Court can determine, Plaintiff is claiming that Floasade failed to check the computer to verify whether he had to take certain medications. According to Plaintiff, Floasade's denial of his medical needs occurred from "02/21/21 through 06-06-2025," even though Plaintiff was only admitted to SLFTC in May 2025. ECF Nos. 1 at 10; 1-1 at 1.

To prevail on a medical claim of deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and deliberately disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) (internal quotations and citation omitted). In this case, Plaintiff's allegations fail to establish these minimum pleading requirements. Although Plaintiff alleges that Floasade failed to check something in the computer, he does not explain how that action resulted in a deliberate disregard for any specific serious medical need. As such, the Complaint fails to state a claim of deliberate indifference by Floasade to any serious medical need.

### Conclusion

Plaintiff's motion to proceed *in forma pauperis* will be granted and the filing fee will be waived in this matter. However, because Plaintiff's pleadings fail to state a claim upon which relief may be granted, this case will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived.  *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk is directed to update the docket sheet to reflect that Dr. Luechtefeld's first name is "Debra" and that the correct spelling for defendant nurse as "Orebiyi Floasade."

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the Complaint as to any defendant because the Complaint fails to state a claim upon which relief can be granted.  Plaintiff's claims against defendants Dr. Debra Luechtefeld, St. Louis Forensic Treatment Center – North, and Orebiyi Floasade are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 14th day of October, 2025.

                                                     AUDREY G. FLEISSIG
                                                    UNITED STATES DISTRICT JUDGE